PER CURIAM.
This is an appeal from an order of the circuit court denying the appellant’s petition for writ of certiorari to review an order of the appellee, Civil Service Board of the City of North Miami Beach, upholding a notice of removal of the appellant from employment.
The petitioner, John J. Brown, was a police officer with the North Miami Beach Police Department. He was given a notice of removal charging him with violations of certain departmental rules, civil service rules and provisions of the city charter or city ordinances. Counsel for the petitioner requested and obtained a hearing before the appellee Board on the notice of removal. A three-day hearing was held. The petitioner admitted that he had accepted money from an attorney for photographs taken at the scene of an automobile accident. There was considerable conflict of testimony as to other violations of rules or regulations. At the conclusion of the Board hearing, the petitioner was dismissed from his employment as a North Miami Beach police officer. The petitioner filed a petition for writ of certiorari in the circuit court. The court found that the petitioner received procedural due process and that there was competent and substantial evidence to support the dismissal. Certio-rari was denied and this appeal ensued.
On appeal the petitioner police officer contends that his right to due process had been violated, that his personal papers were subjected to an unlawful search and seizure and that it was error for the court to deny certiorari when the appellee Board did not make a report of its findings as required by the Civil Service Rules and Regulations.[1]
From the record, the briefs and the argument of counsel, it appears that ample evidence was presented before the Board to support the dismissal of the petitioner, and that there was no unlawful search and seizure. As to the remaining question of whether the trial court erred in denying certiorari because the Board failed to make findings as required by the regulations, we have studied the transcript carefully and find no error. At the end of the third and final day of the hearing, the following took place:
MR. TINDALL: I make the motion that the charges of the city be upheld against J. J. Brown.
MR. CHAIRMAN: Do I hear a second ?
MR. SLICK: I will second the motion.
MR. CHAIRMAN: The motion has been made and seconded to uphold the decision of the police department and the city manager. Now we will have discussion on the motion.
*334 Does anyone want to discuss the motion? Does anybody have any questions ?
At this point, two of the Board members and the Chairman expressed their comments on the record. The roll was called, a majority of the members voted in support of the motion. In our opinion, the passing of the motion “that the charges of the city be upheld” was tantamount to adopting those charges set out in detail in the original notice of dismissal, as the Findings of the Board. Thus, the Board having met this requirement of the regulations, it was not error for the trial court to deny certioari.
For the reasons stated, the order appealed hereby is affirmed.
Affirmed.

. Section 13.08.04 of the Civil Service Rules and Regulations states: “The Board shall report its findings and shall make such final disposition of the case as it may determine.”